IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       **Plaintiff,**<br><br>vs.<br><br>**129.97 ACRES OF LAND, MORE OR LESS, SITUATED IN DAVIS COUNTY, STATE OF UTAH; EDWIN M. HIGLEY; MTGLQ INVESTORS, a Delaware limited partnership; CARL BOWN; B.C. PROPERTIES; LYNN A. JENKINS and ANY UNKNOWN OWNERS (PARCEL NO. GLC-(mit.)-4),**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  1:97CV0095<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Lynn A. Jenkins's Motion to Dismiss seeking the court to dismiss the Court's judgment for failure to follow federal and state mandates.

The court dismissed Mr. Jenkins as a party defendant on May 3, 1999 finding that Mr. Jenkins did not have an interest in the subject property and therefore no standing in the case.  On March 30, 2000, the court denied Mr. Jenkins's Objection to Judgment and Order pursuant to Fed. R. Civ. P. 59(e).  Further, on December 4, 2002, the Tenth Circuit dismissed Mr. Jenkins's appeal from this court's entry of an Amended Judgment, concluding that the appeal was frivolous.  On January 24, 2003, the Tenth Circuit awarded sanctions against Mr. Jenkins

pursuant to Fed. R. App. P. 38.  Pursuant to that order, this court awarded the sanctions on April 14, 2003.

On August 8, 2003, Defendant Lynn A. Jenkins then attempted to dismiss the action.  The court denied the motion, finding that Mr. Jenkins was no longer a party to the case and that the case was closed.  Mr. Jenkins moved the court to reconsider.  On October 1, 2003, the court denied the motion to reconsider.

On October 14, 2003, Mr. Jenkins filed a Rule 52 Motion for a more definite statement of the court's ruling on his motion to dismiss.  On October 16, 2003, the court denied the Rule 52 motion.  On that same day, Mr. Jenkins filed an Affidavit seeking Judge Kimball's recusal from the case.  On October, 17, 2003, the court denied Mr. Jenkins request that Judge Kimball recuse.

On November 10, 2003, Mr. Jenkins appealed.  On December 7, 2004, the Tenth Circuit dismissed Mr. Jenkins' appeal as frivolous and imposed sanctions against Mr. Jenkins in an amount equal to MTGLQ's reasonable attorney's fees incurred in defending the appeal.  The Tenth Circuit cautioned Mr. Jenkins that if he persisted in filing more frivolous pleadings or appeals reasserting issues already ruled on in prior litigation, his ability to proceed pro se in federal courts in this circuit would be restricted.  On September 12, 2005, this court awarded the sanctions ordered by the Tenth Circuit.

On December 12, 2005, Defendant MTGLQ filed a motion to hold Mr. Jenkins in contempt and for the entry of Judgment on the sanctions award because Mr. Jenkins had not paid the award.  On January 20, 2006, the court granted an Order finding Mr. Jenkins in contempt for failing to pay the award and directing entry of judgment in the amount of the sanctions award.

Judgment was entered on February 3, 2006.  On February 14, 2006, Mr. Jenkins appealed.  On March 29, 2007, the Tenth Circuit affirmed this court and dismissed the appeal.  Nothing has occurred in this case since the Tenth Circuit's 2007 mandate.

Accordingly, Mr. Jenkins' request for a Petition to Review and his Motion to Dismiss are both improper because the case has been resolved and closed for years.  There is no basis for this court to dismiss its prior judgments for failure to follow federal and state mandates as stated by Mr. Jenkins.  Every ruling that this court has made has been affirmed by the Tenth Circuit.  Mr. Jenkins is again cautioned against filing frivolous pleadings regarding issues that have already been litigated.  Further such filings will result in sanctions.  Therefore, Defendant's Petition for Review and Motion to Dismiss are DENIED.

DATED this 15th day of February, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge